UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*************************************

Paulette Semprini and Wayne Semprini
    Plaintiffs

v.

Town of Nantucket;
Nantucket Memorial Airport

    Defendants

*************************************

Case No.: 05 10581 DPW

Jury Trial Demanded as to All Counts

RECEIPT # 63005
AMOUNT $
SUMMONS ISSUED N/A
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK.
DATE 3/23/05

MAGISTRATE JUDGE

## COMPLAINT

NOW COME the Plaintiffs, by and through their attorneys, NIXON, RAICHE, MANNING, VOGELMAN & LEACH, P.A., and complain against the Defendants as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this case is proper under 28 U.S.C. §1332 since diversity of citizenship exists in the matter and the amount in controversy exceeds $75,000.

2.    Venue in this Court is founded on 28 U.S.C. §1391(a). Defendants reside in the District of Massachusetts.

### PARTIES

3.    Paulette and Wayne Semprini are a married couple and reside at 35 River Road, New Castle, New Hampshire 03854.

4.    Defendant, Town of Nantucket, is a municipality and public employer with a principle place of business at 16 Broad Street, Nantucket, Massachusetts 02554.

5.  Defendant, Nantucket Memorial Airport, is a municipal agency owned and operated by the Town of Nantucket.

## ALLEGATIONS COMMON TO ALL COUNTS

6.  The Town of Nantucket, the Nantucket Memorial Airport, and their agents, servants, and employees were in possession and control of the airport premises and inspected, maintained, repaired and operated the premises at all times relevant to this incident.

7.  On or about April 7, 2002, Wayne and Paulette Semprini arrived at the Nantucket Memorial Airport.

8.  Mr. and Mrs. Semprini entered a building where the waited while their luggage was taken off the plane. Airport personnel took the luggage off the plane and placed it in a designated area for passengers to pick up.

9.  Above the area where the luggage was placed for the passengers to pick up were two large overhead garage-type doors that were lifted with heavy chains.

10.  Once all the luggage had been removed from the plane and placed in a designated pick-up area, the large overhead doors were opened and the passengers were allowed to retrieve their luggage.

11.  At this time, Mr. Semprini stepped forward and bent down to pick up one bag from the luggage area and handed the bag to Mrs. Semprini who stood a few feet away.

12.  Mr. Semprini stepped forward again and leaned down to get a second bag. At this stage, a chain either broke free, or in some manner, became disconnected from the overhead door, swung down where Mrs. Semprini was standing and struck her on the side of her head with great force, knocking her to the ground.

13. After regaining consciousness, Mrs. Semprini declined transportation to the hospital by ambulance.

14. Mrs. Semprini was helped to her feet and out of the building. She was taken to her friend's home with a terrible headache and blurred vision. Mrs. Semprini spent the rest of the day sleeping with ice applied to her head.

15. As a result of the blow to her head, Mrs. Semprini suffered cognitive impairments, decreased endurance, memory problems, attention difficulties, short-term memory problems, distraction, among other cognitive difficulties.

16. Since Mrs. Semprini's injury of April 7, 2002, she has attended physical therapy, occupational therapy, and speech therapy sessions. She has had to undergo a sleep study report, pre-driving screening and evaluation; attended a neurology day rehabilitation program, and attends sessions at Stepping Stones, which helps her deal with her brain injuries. She is unable to perform her duties as a real estate agent and has suffered an extensive loss of earning capacity.

17. The Town of Nantucket has been in possession of an intent to sue letter since April 1, 2004, the facts of which are incorporated herein by reference. (See April 1, 2004 letter attached as Exhibit A).

## COUNT I
### (Negligence)

18. The Town of Nantucket and Nantucket Memorial Airport, along with their agents, servants and employees, owed a duty to Plaintiffs, Paulette and Wayne Semprini, business invitees, to use reasonable care under all circumstances in the inspection, maintenance, repair and operation of their properties so that foreseeable users of the premises, passengers and customers such as Plaintiffs would not be injured by heavy metal chains which were carelessly allowed to become detached from hanger doors.

19. The Town of Nantucket and Nantucket Memorial Airport, along with their agents, servants, and employees, breached the duty owed to Plaintiffs invited onto the premises of the Nantucket Memorial Airport by failing to properly, carefully, and reasonably inspect, maintain, repair and operate its premises to avoid injuring foreseeable users of the premises, such as Plaintiffs.

20. As a direct and proximate result of the Defendants' negligence and breach of duty, a heavy metal chain was carelessly inspected, maintained, or repaired, and was allowed to become detached from an overhead hanger door and strike Plaintiff, Paulette Semprini, in the head with great force. The impact of the swinging metal chain caused Mrs. Semprini to suffer extensive damages, including traumatic brain injury, cognitive loss, memory problems, musculoskeletal pain, attention deficits, executive planning and functioning, and headaches. In addition, Mrs. Semprini has suffered extensive past and future loss of earning capacity; past and future pain and suffering; past and future medical bills and expenses, permanent impairment, and loss of enjoyment of life. Wayne Semprini has suffered a loss of his wife's love, companionship, comfort, affection, sex and services.

## COUNT II
### (Loss of Consortium)

21.     Plaintiffs hereby incorporate by reference all of the foregoing allegations and make them part of this Count as set forth fully at length therein.

22.     As a result of the foregoing, Plaintiff, Wayne Semprini, has suffered the loss of his wife's love, companionship, comfort, affection, sex and services.

WHEREFORE, Plaintiffs herein demand judgment:

A. Awarding damages against the Town of Nantucket in favor of Plaintiffs on all counts in an amount determined to have been suffered by the Plaintiffs, plus prejudgment interest;

B. Awarding damages against Nantucket Memorial Airport in favor of Plaintiffs on all counts in an amount determined to have been sustained by the Plaintiffs, plus prejudgment interest; and

C. Granting the Plaintiffs such other and further relief as the Court may deem just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS.

                Respectfully submitted,

                Paulette Semprini and Wayne Semprini,

                By Their Attorneys,

                NIXON, RAICHE, MANNING, VOGELMAN & LEACH, PROFESSIONAL ASSOCIATION

By: _____
     Kevin M. Leach, Esquire
     77 Central Street
     Manchester, NH 03101
     (603) 669-7070



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature]  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>C. Donnelly  4/1/04 |
| 1. Article Addressed to:<br><br>Robert Murphy, Chairman<br>Board of Selectmen<br>Town Building<br>16 Broad Street<br>Nantucket, MA 02554 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number  7001 0320 0003 7532 3857<br>(Transfer from service label) | |
| PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540 | |

Semprini

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7001 0320 0003 7532 3857

NANTUCKET, MA 02554

| | | |
|---|---|---|
| Postage | $ | 6.30 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 8.60 |

UNIT ID: 0109
Postmark Here
Clerk: RZB4GC
03/31/04

Sent to: Robert Murphy, Chairman
Board of Selectmen
Street or PO: Town Building
City: 16 Broad Street
Nantucket, MA 02554

# NIXON, RAICHE, MANNING
# CASINGHINO & LEACH
PROFESSIONAL ASSOCIATION

DAVID L. NIXON
LESLIE C. NIXON
GARY L. CASINGHINO
MAUREEN R. MANNING
KEVIN M. LEACH*
CHRISTINE M. SMITH**

*Admitted in NH, MA and RI
**Admitted in NH and MA

*Attorneys at Law*
*Seventy-seven Central Street*
*Manchester, New Hampshire 03101*

TELEPHONE 603-669-7070
WATS 1-800-207-7000
FAX 603-669-7080

MARTIN F. LOUGHLIN
ROBERT E. RAICHE
OF COUNSEL

April 1, 2004

Mr. Robert Murphy, Chairman
Board of Selectmen
Town Building
16 Broad Street
Nantucket, MA 02554

RE: Paulette darcy Semprini
New Castle, New Hampshire
Date of Accident: April 7, 2002
Date of Birth: September 13, 1950

Dear Mr. Murphy:

This claim is being presented to the Town of Nantucket under the provisions of Massachusetts General Laws, Chapter 258, as currently in force. This legislation provides that public employers (such as the Town of Nantucket) shall be liable for personal injuries caused by the negligent or wrongful act or omission of their employees while acting within the scope of their office or employment, in the same manner and to the same extent as private individuals under like circumstances.

The following information is submitted:

**Injured Person:**
Paulette darcy Semprini
35 River Road
New Castle, New Hampshire

**Date of Birth:**
September 13, 1950
Age 54

**Marital Status:**
Married

**Occupation:**
Real Estate Agent

**Name of Former Employer:**
Tate & Foss Referral Agency, LLC
566 Washington Road
Rye, NH 03870

**Date of Injury:**
April 7, 2002

**Place of Injury:**
Nantucket Memorial Airport

**Cause of Injury:**
Mr. And Mrs. Semprini arrived at the Nantucket Memorial Airport on April 7, 2002. Mr. And Mrs. Semprini entered a building where they waited while their luggage was taken off of the plane. Airport personnel take the luggage off of the plane and place it in an designated area for the passengers to pick up. Mr. and Mrs. Semprini waited inside the building until the luggage had been offloaded from the plane. Above the area where the luggage is placed for the passengers to pick up are two very large overhead garage-type doors that are lifted with heavy chains. Once all the luggage had been removed from the plane and placed in a designated pick-up area, the large overhead doors were opened and the passengers were allowed to collect their luggage. At this time Mr. Semprini stepped forward and bent down to pick up one bag from the luggage area and handed the bag to Mrs. Semprini who stood a few feet away. Mr. Semprini stepped forward again and leaned down to get the second bag. At this stage of the investigation it is our understanding that the chain either broke free or in some way became disconnected from the overhead door and swung down where Mrs. Semprini was standing (see attached hand drawn diagram created by Mr. Semprini). *We have asked for preservation of the evidence which includes photos and a security video tape that we believe exists, however, at this time this evidence has not yet been provided to us.* A twelve to fifteen foot length of heavy chain swung down from the top area of one of the doors and missed Mr. Semprini as he stepped forward to pick up the second bag. The chain struck Mrs. Semprini in the head with great force and knocked her to the ground. Mrs. Semprini cannot recall whether or not she lost consciousness. Mrs. Semprini's memory of the events surrounding the severe blow to her head are unclear. An ambulance was called and arrived at the accident scene. After regaining consciousness Mrs. Semprini declined transportation to the hospital by ambulance. Although she had severe pain from this blow to her head, Mrs. Semprini believed the pain would subside and she would feel better the following

day. Mrs. Semprini was helped to her feet and out of the building. She was taken to her friend's home with a terrible headache and blurred vision. Mrs. Semprini spent the rest of the day sleeping with ice applied to her head.

**Nature and Extent of Injury:**

Mrs. Semprini was diagnosed with multiple brain injuries, post-concussive syndrome with cognitive/memory impairment and vestibular difficulties.

As a result of the blow to her head, Mrs. Semprini suffers from post multiple traumatic brain injuries, concussions, with cognitive decline, decreased endurance and conditioning. Mrs. Semprini experiences ongoing musculoskeletal pain in her shoulders, neck, and joints, as well as chronic headaches and ongoing vertigo which waxes and wanes and is influenced by fatigue. Mrs. Semprini has ongoing difficulties revolving around memory, as well as the ability to prioritize and independently judge the importance of information or tasks. Additionally, Mrs. Semprini has difficulties with attention, short term memory, abstraction, reading comprehension which correlate with findings by therapists and neuropsychological testing. She experiences discouragement and frustration related to her decreased cognitive abilities.

Since Mrs. Semprini's injury of April 7, 2002, she has attended physical therapy, occupational therapy, and speech therapy sessions; she has had to undergo a sleep study report, pre-driving screening and evaluation; attended a Neurology Day Rehabilitation program and currently attends sessions at Stepping Stones which helps her to deal with her brain injuries.

*See medical records included as Attachment.*

**Medical Expenses Incurred to Date:**

| | |
|---|---:|
| Portsmouth Regional Hospital and Pavilion | 41,720.50 |
| Portsmouth Emergency Physicians, PC | 202.00 |
| Portsmouth Internal Medicine | 338.00 |
| Massachusetts General Physicians Org., Inc. | 1,182.00 |
| Path Lab, Inc. | 50.50 |
| Joan Breen/Douglas Black | 2,925.50 |
| Massachusetts General Hospital | 674.00 |
| Steven B. Spielman, Ph.D. | *(requested, not provided to date)* |
| Thomas Gill, M.D. | *(requested, not provided to date)* |
| Steppingstones | *(requested, not provided to date)* |
| Dr. Douglas Harold Desantos | *(requested, not provided to date)* |
| Dr. Charles Welch | *(requested, not provided to date)* |
| Dr. Jeff N. Wagner | *(requested, not provided to date)* |
| | **$47,092.50** |

*Copies of available medical bills are attached hereto.*

**Loss of Earning Capacity:**

At the time of the accident Mrs. Semprini was a successful Real Estate Agent for Tate & Foss, Inc. located at 566 Washington Road in Rye, NH. The change in Mrs. Semprini's ability to coordinate tasks of her job were observed by her co-workers immediately following her head injury. Because of this impairment Mrs. Semprini's overall performance at work declined. Mrs. Semprini's loss of mental function has resulted in a great reduction in her earning capacity as her attached 1099 Forms indicate.

2001 - Annual Compensation $62,961.48 **prior to injury**
2002 - Annual Compensation $49,933.67 **the year of her injury**
2003 - Annual Compensation $13,672.70 **the year following her injury**

Mrs. Semprini was put on probation in the spring of 2003. She was terminated from her original agent position and instead received referrals from Tate & Foss Referral Agency. Her commission rate was greatly reduced due to this change.

In January 2004 Mrs. Semprini was terminated all together. She is currently unemployed and unable to find a position that would allow for her present short term memory problems and impaired functional performance.

Mrs. Semprini's lost wages in 2002 were: $13,027.81. In 2003, the first full year following her injury, Mrs. Semprini's lost wages amounted to: $49,288.78. Mrs. Semprini was subsequently terminated. Over the course of her expected working lifetime to retirement age 67, Mrs. Semprini's 13 years of lost wages calculate to: **$818,499.24**.

*See copies of Form 1099s from 2000 through 2003 as Attachment.*

**Disability:**

Permanent traumatic brain damage. Loss of cognitive function, slowed processing speed, short term memory problems, impaired functional performance.

This letter constitutes a claim in writing for damages against the Town of Nantucket for the negligence of its agents, servants or employees, as public employees of the Town of Nantucket, under the provisions of Massachusetts General Laws, Chapter 258, as amended.

Paulette darcy Semprini claims damages against the Town of Nantucket for her personal injuries in the sum of One Million Dollars ($1,000,000.00).

Wayne Semprini claims damages against the Town of Nantucket for loss of consortium as a direct and proximate result of the Defendant's negligence in the sum of One Hundred and Fifty Thousand Dollars ($150,000.00). Mr. Semprini was caused to suffer the deprivation and diminution of his wife's care, companionship, society, services and affection, and also lost

enjoyment of life, all to the damage of Plaintiff, Wayne Semprini, as he says within the jurisdictional limits of this Court.

You are advised to retain this notice and claim and to produce it at Court in any trial of this case and to notify the Town of Nantucket's Town Counsel and insurance carrier immediately.

                                               Paulette darcy Semprini and
                                               Wayne Semprini
                                               35 River Road
                                               New Castle, New Hampshire

                                               By their Attorneys
                                               NIXON, RAICHE, MANNING
                                               CASINGHINO & LEACH, P.A.

Dated: _March 31_, 2004                  By: _/s/ Kevin M. Leach_
                                             Kevin M. Leach
                                             77 Central Street
                                             Manchester, NH 03101
                                             (603) 669-7070

KML:mjc
Attachments

cc:     Ms. Catherine Flanagan Stover, Town Clerk
           Town of Nantucket
     Ms. Libby Gibson, Town Administrator
           Town of Nantucket
     John Wyman, Esquire

Certified Mail No: 7001 0320 0003 7532 3857
Return Receipt Requested



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____ Paulette Semprini, et al. v. Town of Nantucket, et al. _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

   (watermark: 05 10581 DPW)

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES ☐       NO  X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                              YES ☐       NO  X

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                              YES ☐       NO  ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES ☐       NO  X

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                              YES  X      NO  ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  X           Central Division ☐         Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  ☐           Central Division ☐         Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                              YES ☐       NO  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ Kevin M. Leach, Esq., Nixon, Raiche, Manning, Vogelman & Leach, P.A. _____
ADDRESS _____ 77 Central Street, Manchester, NH 03101 _____
TELEPHONE NO. ___ (603) 669-7070 _____

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paulette Semprini and Wayne Semprini

### DEFENDANTS
Town of Nantucket; Nantucket Memorial Airport

(b) County of Residence of First Listed Plaintiff: **Rockingham**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **County of Nantucket**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05 10581

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin M. Leach, Esq., Nixon, Raiche, Manning, Vogelman & Leach, P.A.
77 Central Street, Manchester, NH 03101 (603) 669-7070

Attorneys (If Known)
John C. Wyman, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110-2320, (617) 457-4041

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Personal Injury, traumatic brain injury.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 3/18/05
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kevin M. Leach

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____