UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAULETTE SEMPRINI and WAYNE SEMPRINI,<br>    Plaintiffs<br><br>v.<br><br>TOWN OF NANTUCKET and<br>NANTUCKET MEMORIAL AIRPORT,<br>    Defendants | CIVIL ACTION<br>NO. 1:05-cv-10581-DPW |

### ANSWER TO COMPLAINT

The defendant Town of Nantucket, and its enterprise fund activity known as the Nantucket Memorial Airport, answers the numbered paragraphs in plaintiffs' Complaint as follows:

1. Admit.

2. Admit.

3. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

4. Admit.

5. Deny that the Nantucket Memorial Airport has any formal legal status, answer that Nantucket Memorial Airport is an enterprise fund activity of the Town of Nantucket and deny the remaining allegations in paragraph 5 of the Complaint.

304758-2

6. Admit that the Town of Nantucket owns and operated the Nantucket Memorial Airport in Nantucket, Massachusetts, and that employees and independent contractors hired by the Town inspected, maintained, repaired and operated the premises at the Airport. The defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8. Denies that airport personnel took the luggage off the plane and placed it in a designated area for passengers to pick up, answers that Island Airways employees took the luggage off the plane and placed it in a designated area for passengers to pick up, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 of the Complaint.

9. Denies that the bicycle type chains that lifted the doors and closed the baggage area were heavy, and admits the remaining allegations in paragraph 9 of the Complaint.

10. Admits.

11. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

12. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. Has no knowledge or record of Mrs. Semprini loosing consciousness while at the Airport and admits the remaining allegations in paragraph 13 of the Complaint.

14. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

17. Admits.

18. Admits that the Town of Nantucket owed a duty to use reasonable care with respect to its facilities and activities at the Airport and denies the remaining allegations in paragraph 18 of the Complaint.

19. Denied.

20. Denies that the bicycle type chain which came in contact with Paulette Semprini was heavy, admits that the bicycle type chain attached to one of the doors became detached, and denies the remaining allegations in the first two sentences of paragraph 20. The defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to the allegations in the last two sentences of paragraph 20.

21. The defendant incorporates by reference its responses to paragraphs 1 through 20 of the Complaint.

22. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## FIRST AFFIRMATIVE DEFENSE

The defendant Town of Nantucket is a public employer which is not liable for interest prior to judgment, punitive damages, or for any amount in excess of $100,000 as provided by Mass. G.L. c.258, §2.

By its attorney,

/s/ John C. Wyman
_____
John C. Wyman (BBO #535620)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, Massachusetts  02110
(617) 457-4000

May 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this ___24th___ day of May, 2005, a copy of the foregoing Answer to Complaint was forwarded, via first class mail, postage prepaid, to

Kevin M. Leach, Esq.
Nixon, Raiche, Manning, Vogelman & Leach, P.A.
77 Central Street
Manchester, NH 03101

/s/ John C. Wyman
_____
John C. Wyman, Esquire